**MISSOURI, K. & T. RY. CO. OF TEXAS v. THOMPSON.    (No. 5542.)** *

(Court of Civil Appeals of Texas.    Austin. Dec. 22, 1915.    Rehearing Denied Feb. 2, 1916.)

1. FALSE IMPRISONMENT ⊙⟷15 — ACTS OF AGENT—SCOPE OF AUTHORITY.

Where a detective of a railroad company procured the arrest of plaintiff, an employé, on a charge of larceny, the railroad company was liable for all damages resulting; the arrest be-

---

ing unlawful, because without a warrant, and the detective acting within the scope of his authority.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 5–67; Dec. Dig. ☜ 15.]

2. FALSE IMPRISONMENT ☜25 — ACTIONS—EVIDENCE.

In an action for damages for unlawful arrest and incarceration on a charge of larceny, evidence as to plaintiff's reputation for honesty is properly admitted; the injury to reputation being the principal one.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 102; Dec. Dig. ☜ 25.]

Appeal from District Court, McLennan County; Tom L. McCullough, Judge.

Action by Henry Thompson against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Spell & Sanford, of Waco, for appellant. Russell H. Kingsbury, of Waco, for appellee.

### Findings of Fact.

JENKINS, J. This is a suit by appellee to recover of appellant damages for wrongfully causing his arrest upon a charge of theft and having him confined in jail. Appellee worked for appellant at Belle Meade, about four miles from Waco, where there were a number of employés. Each employé had a locker in which he placed his clothing. Several thefts of clothing had been committed. Appellant had employed one W. A. Johnson as a detective or special agent whose business it was to prevent depredations upon appellant's property, and report any theft of such property, and have the parties guilty of such theft arrested, and also to report any irregularities upon the part of appellant's employés. On the night of March 16, 1914, N. L. Smitham, the master mechanic of appellant at Belle Meade, told Johnson that it had been ascertained who the party was who was stealing at Belle Meade. He told him that Geo. Hirshman, an employé at Belle Meade, had found some of his clothing that had been stolen in the locker of appellee, and had positively identified the same, and suggested to him to take charge of the matter and get an officer and arrest the party, and that the party's name was Henry Thompson, and that he was at work out at Belle Meade. This was between 10 and 11 o'clock at night. Hirshman testified that, about 6 o'clock at night, he made a similar statement to Smitham, and afterwards reported the same to Johnson, stating that he had lost a pair of overalls, a jumper, a pair of gloves, and a pair of trousers, and that he had broken into appellee's locker and found his property which had been stolen, and positively identified the same. Johnson, at about 11 o'clock saw Lee Jenkins, a deputy sheriff, and related the facts as they had been stated to him, and further stated that, as

the party's locker had been broken open, he would probably discover that he had been caught up with, and that he had better arrest him immediately. Jenkins asked Johnson to go with him and point out the party to be arrested. Johnson replied that he did not know the party by sight, but that Mr. Moore, foreman of the roundhouse at Belle Meade, would point him out. Jenkins asked Johnson to go with him and assist in making the arrest, which he did. Johnson was a deputy sheriff. Upon arriving at Belle Meade they inquired of Moore for Thompson, and Moore pointed him out. Jenkins and Johnson arrested him and put him in jail. Some two or three hours later Hirshman phoned Smitham that they had arrested the wrong man, and Smitham reported this fact to the sheriff. The sheriff told the deputy Jenkins that they had arrested the wrong man, but the deputy suggested that he might be important as a witness, and they would keep him in jail until morning. It appears from the evidence that another man, Holland, was engaged in the same character of work as appellee, and that he was the man in whose locker the stolen articles had been found. Upon receiving this information the sheriff arrested Holland and placed him in jail. The next morning appellee was turned out of jail, but taken to the courthouse as a witness in the case against Holland. No affidavit was made against appellee. When he was placed in jail he was put in the runaround with some Mexicans and negroes, and remained there all night. The jailer, upon receiving appellee from the deputy sheriff and Johnson, made the following entry upon his record: "200. Thompson, Henry, 3—16—14, petty theft, Jenkins." Next morning he added the following: "Released, 3—17. Released by W. A. Johnson." The case was tried before the court without a jury, and judgment rendered for the appellee for $1,000.

### Opinion.

[1] Johnson was acting within the scope of his authority. He requested Jenkins to arrest the party pointed out by Moore, and Jenkins did so. No complaint having ever been made against appellee, the arrest was clearly wrongful, and the appellant is liable for whatever actual damages appellee sustained thereby. No exemplary damages were asked.

[2] The court did not err in admitting the testimony as to the appellee's reputation for honesty. One of the chief elements of damage in a case of this kind is injury to reputation. Testimony as to such reputation's being good is not limited to the time of the trial; but the plaintiff may, if he can, prove that his reputation has been good all of his life.

There is no merit in appellant's assignments as to newly discovered testimony concerning appellee's reputation. No sufficient

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

diligence is shown in the effort to discover such testimony prior to the trial. The matters alleged are hearsay as to the witness' making the affidavit, and they do not relate to the general reputation of appellee for honesty.

No error appearing of record, the judgment of the trial court is affirmed.

Affirmed.

---

⬤↝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Application for writ of error pending in Supreme Court.